```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                        :
KAMAL WEBB,                             :    CASE NO. 4:13-CV-649
                                        :
            Petitioner,                 :
                                        :
vs.                                     :    OPINION & ORDER
                                        :    [Resolving Doc. Nos. 1 and 2]
WARDEN COAKLEY, et al.,                 :
                                        :
            RESPONDENTS.                :
                                        :
-------------------------------------------------------
```

**JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:**

On March 25, 2013, *pro se* Petitioner Kamal Webb filed the above captioned petition for writ of habeas corpus against Warden J. Coakley and the United States of America pursuant to 28 U.S.C. § 2241. Doc. No. 1. Petitioner, who is confined at the Federal Correctional Institution in Elkton, Ohio ("FCI Elkton"), is seeking a sentence reduction, nullification of his guilty plea, remand for a new trial, and the exclusion of evidence found during searches of his vehicle and a condominium storage locker. Doc. Nos. 1, 3.

## I. Background

On September 16, 2004, Petitioner was indicted in the United States District Court for the Eastern District of North Carolina on four counts, as follows: possession with intent to distribute more than 50 grams of crack cocaine in violation of 21 U.S.C. § 841(a)(1) (Count One); possession of a firearm in furtherance of a drug trafficking offense

**in violation of 18 U.S.C. § 924(c) (Count Two); and two counts of felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1), 924(3) (Counts Three and Four).** *United States v. Webb*, No. 5:04-cr-00294-F-1 (E.D.N.C.).[1]  **On April 25, 2005, Petitioner pleaded guilty to Counts One and Three pursuant to a written plea agreement, within which he waived the right to challenge the calculation of his advisory sentencing guideline range in any post-conviction proceeding.** *Id.*; Doc. No. 1-3 at 2-3.

Prior to sentencing, a presentence investigation report ("PSR") was prepared. The PSR assigned Petitioner a criminal offense level of 40 and a criminal history category of Level IV, based on four prior misdemeanor convictions and one prior felony conviction. *United States v. Webb*, No. 5:04-cr-00294-F-1, Doc. No. 83 (E.D.N.C.). On December 12, 2005, the trial court adopted the findings of the PSR and sentenced Petitioner to 360 months imprisonment on Count One and 120 months imprisonment on Count Three, to run concurrently.[2] *Id.*; *id.* at Doc. No. 31.

On March 22, 2008, Petitioner, through counsel, filed a Motion to Vacate or Set Aside Sentence pursuant to 28 U.S.C. § 2255 in the trial court. *Id.* at Doc. No. 60. He sought an evidentiary hearing, arguing ineffective assistance of counsel during plea and sentencing, and prosecutorial misconduct based on the government's failure to afford him an opportunity to earn

---

[1] Details of Petitioner's criminal case were garnered from the Public Access to Court Electronic Records (PACER) system. *See C.B. v. Sonora Sch. Dist.*, 691 F. Supp. 2d 1123, 1138 (E.D. Cal. 2009) (court "may take judicial notice of matters of public record, including duly recorded documents, and court records available to the public through the PACER system via the internet.")

[2] On August 18, 2008, the trial court granted a motion by defendant for sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and reduced his sentence on Count One to 324 months based on the amended sentencing guideline range. *United States v. Webb*, No. 5:04-cr-00294, Doc. No. 76 (E.D.N.C.).

a substantial assistance downward departure. *Webb v. United States*, No. 5:04-CR-294-1-F, 2008 WL 3539907 (E.D.N.C. Aug. 13, 2008). The court denied the motion on the merits.

On October 10, 2008, Petitioner appealed from the trial court's ruling on his § 2255 motion. *United States v. Webb*, No. 5:04-CR-294-1-F, Doc. No. 77 (E.D.N.C.). The Fourth Circuit Court of Appeals declined to issue a certificate of appealability on September 17, 2009, finding Petitioner had failed to make "a substantial showing of the denial of a constitutional right," and dismissed the appeal. *United States v. Webb*, No. 08-8192, 332 F. App'x 873 (4th Cir. 2009) (citing 28 U.S.C. § 2255(c)(2)).

On August 11, 2011, Petitioner filed a motion for relief from final judgment in the trial court pursuant to Fed. R. Civ. P. 60(b), challenging the court's determination of his base offense level for purposes of calculating his advisory guideline sentencing range. *United States v. Webb*, No. 5:04-CR-294-1-F, Doc. No. 100 (E.D.N.C.). The trial court denied the motion, noting that Petitioner had specifically waived his right to challenge the guideline calculations and that the record contained ample evidence in support of the court's coversion of monies seized from Peitioner into its drug equivalent for purposes of sentencing. *Id.* at Doc. No. 101.

In the petition before this Court, Petitioner raises a number of theories upon which he attacks the sentence imposed by the North Carolina district court. First, he claims the trial court erroneously relied upon a PSR containing errors and inaccuracies. Specifically, he asserts the trial court relied on a prior juvenile conviction and misdemeanor convictions that did not meet the criteria outlined in the United States Sentencing Guidelines, U.S.S.G. §§4A1.1(a), 4A1.2(c)(i)-(ii). Relying on *Locklear v. Holland*, 194 F.3d 1313 (6th Cir. 1999) and *Blackshear v. Lockett*, 411 F. App'x 906 (7th Cir. 2011), he claims that errors in the calculation of his

-3-

criminal history score have lengthened the term of his sentence; and, thus, he has established that a liberty interest is at stake which cannot be denied without due process.

Second, Petitioner claims the government breached a promise not to prosecute Count Two when it failed to object to the PSR's recommendation of a two point sentencing enhancement for possession of a firearm during a drug trafficking offense. As a result, he asserts his guilty plea was neither knowing or voluntary and was induced by fraud. Further, he asserts the sentencing court erroneously relied on this enhancement in calculating his guideline range, again lengthening his sentence.

Third, Petitioner claims he is actually innocent of the charges in Count One. He alleges that, prior to his plea, he informed his trial attorney of two witnesses who would have testified that the narcotics attributed to him in fact belonged to someone else, but his attorney refused to contact these witnesses, leaving him "with no choice other than to plead guilty." Doc. No. 3 at 3.

In his fourth and fifth grounds for relief, Petitioner claims that intervening changes in the law establish that his trial counsel was ineffective in two respects. First, Petitioner cites *Missouri v. Frye*, 132 S. Ct. 1399, 1408 (2012), which held that defense counsel has a duty to communicate formal plea offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused. He claims his counsel failed to communicate an offer from the prosecution for twenty years incarceration and that he would have accepted this purported better offer, resulting in a shorter sentence.

Second, he claims trial counsel was deficient in failing to move to suppress evidence seized from his vehicle and a condominium storage locker. Petitioner first indicates

that $6,399 was found in his vehicle during a search incident to his arrest for a suspended/revoked license. Petitioner claims that, under *Arizona v. Gant*, 556 U.S. 332 (2009), the search was unconstitutional because at the time of the search he was handcuffed and further the evidence seized was unrelated to the offense for which he was arrested. He also argues that the use of a canine officer to establish probable cause for a search warrant as to his condominium storage locker was unconstitutional. In support, Petitioner cites *Jardines v. Florida*, 133 S. Ct. 1409 (2013), where the Supreme Court held that the use of a trained, drug-sniffing dog to investigate a home's curtilage without probable cause or a warrant was an unreasonable search. Petitioner contends that since his storage locker was located in a parking deck appurtenant to his condominium, "it would probably be entitled to the same protection as the residence. . . ." Doc. No. 1 at 11. Petitioner argues that pursuant to *Gant* and *Jardines*, his attorney should have moved to suppress both the monies seized from his vehicle and the drugs seized from the storage locker, that the trial court would have granted those motions and, that therefore, Count One would have been dismissed and/or he would have faced a shorter sentence.

## II. Legal Standard

This matter is before the Court for initial screening. 28 U.S.C. § 2243; *Harper v. Thoms*, 51 F. App'x 517, 518 (6th Cir. 2002). A court is required to award the writ of habeas corpus "unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. The Sixth Circuit has consistently held that "[t]he burden to show that he is in custody in violation of the Constitution of the United States is on the prisoner." *Allen v. Perini*, 424 F.2d 134, 138 (6th Cir.,) *cert. denied* 400 U.S. 906 (1970). Petitioner has not met this burden.

## II. Analysis

A petitioner challenging the legality of a sentence must bring his claim under §2255 in the sentencing court, while a petitioner challenging the execution or manner in which the sentence is served may bring a claim under § 2241 in the court having jurisdiction over the prisoner's custodian. *Charles v. Chandler*, 180 F.3d 753, 755-56 (6th Cir. 1999) (per curiam). A federal prisoner may challenge his conviction and the imposition of a sentence under § 2241, instead of § 2255, only if he is able to establish that his remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).

To date, the only circumstance in which the Sixth Circuit has determined § 2255 to be an ineffective or inadequate remedy is when the petitioner stated a facially valid claim for actual innocence. *See Martin v. Perez*, 319 F.3d 799, 804 (6th Cir. 2003). "Actual innocence" means factual innocence, rather than mere legal insufficiency. *Id..* at 804 (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)). To establish actual innocence, Petitioner must demonstrate that "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *See id.* (internal quotation marks omitted). Prisoners have satisfied this burden by showing that there has been an intervening change in the law that establishes their actual innocence. *See United States v. Peterman*, 249 F.3d 458, 461–62 (6th Cir. 2001); *Charles*, 180 F.3d at 757.

However, Petitioner has not shown that his § 2255 remedy is inadequate or ineffective. Petitioner seeks to raise issues that have or could have been raised in his previous

-6-

post-judgment motions and habeas action. The remedy under § 2255 is not rendered inadequate or ineffective simply because the petitioner has already been denied relief under § 2255, the petitioner has been denied permission to file a second or successive motion to vacate, the petitioner is procedurally barred from pursuing relief under § 2255, or the petitioner has allowed the one-year statute of limitations to expire. *See Charles*, 180 F.3d at 756–58. The petition sets forth no reasonable suggestion of a proper basis on which to now raise the issues contained therein pursuant to this second 28 U.S.C. § 2241 action, or that "serious constitutional questions" require further consideration of his claims. In short, for the reasons that follow, Petitioner has failed to make a sufficient showing of actual innocence. *Martin*, 319 F.3d at 804.

First, neither *Blackshear* nor *Locklear* support Petitioner's argument that he is entitled to habeas relief because his presentence report included inaccurate information. *Blackshear*, 411 F. App'x. at 907 ("Blackshear cannot link the inaccuracies in his presentence report to an injury affecting the fact or length of his sentence"); *Locklear*, 194 F.3d at 1313 ("Locklear's due process complaint about the decision to not permit his placement in a prison camp fails to state a constitutional claim"). The savings clause of § 2255 has never been extended to § 2241 petitioners, like Webb, who challenge sentencing enhancements and/or claims of miscalculation under the sentencing guidelines without arguing that the sentence imposed exceeded the statutory maximum. *See Peterman*, 249 F.3d at 462 (vacating habeas relief where petitioners "do not argue innocence but instead challenge their sentences. Courts have generally declined to collaterally review sentences that fall within the statutory maximum."). *See also e.g., Raymer v. Barron*, 82 F. App'x 431, 432 (6th Cir. 2003); *Gilbert v. United States*, 640 F.3d 1293, 1312 (11th Cir. 2011) (en banc), *cert. denied*, 132 S. Ct. 1001

(2012) ("for claims of sentence error, at least where the statutory maximum was not exceeded, the point where finality holds its own against error correction is reached not later than the end of the first round of collateral review."); *Scott v. United States*, 997 F.2d 340, 343 (7th Cir. 1993) (holding that district court should not have considered a § 2255 petition based on an alleged misapplication of the sentencing guidelines).  Thus, this is not a claim that may be collaterally attacked under the guise of actual innocence.

Second, Petitioner's attacks on his conviction on the grounds that his guilty plea was not knowing and intelligent are challenges that must be brought under § 2255 in the sentencing court.  *See Tyson v. Jeffers*, 115 F. App'x 34, 36 (10th Cir. 2004); *Bellomo v. United States*, 344 F. Supp. 2d 429, 434 (S.D.N.Y. 2004).  Petitioner's guilty plea reflects an admission of all the elements of a formal criminal charge.  *Johnson v. Zerbst*, 304 U.S. 458, 466 (1938). Because the criminal charges to which Petitioner pleaded guilty have not been reinterpreted by the Supreme Court since the date of his plea agreement, he cannot argue he is actually innocent. *Toddie v. Farley*, No. 1:12-cv-1540, 2013 WL 440789, at *3 (N.D. Ohio Feb. 5, 2013).

To this end, Petitioner's reliance on the Supreme Court's ruling in *Frye* is misplaced; that decision does not represent an intervening change in law that rendered Petitioner innocent of a crime.  Indeed, the courts are in agreement that *Frye* did not announce a new rule of constitutional law retroactively applicable to habeas petitioners.  *See e.g., Williams v. United States*, 705 F.3d 293 (8th Cir. 2013) (per curiam) (collecting cases); *Buenrostro v. United States*, 697 F.3d 1137, 1140 (9th Cir. 2012) ("Because the Court in *Frye* . . . repeatedly noted its application of an established rule to the underlying facts, these cases did not break new ground or impose a new obligation on the State or Federal Government."); *In re Perez*, 682 F.3d 930,

933 (11th Cir. 2012); *Hare v. United States*, 688 F.3d 878, 879–80 (7th Cir. 2012).

Thirdly, Petitioner has failed to demonstrate that the Supreme Court's decisions in *Gant* and *Jardines* represent an intervening change in the law that establishes his actual innocence. "[A] decision of [the Supreme] Court construing the Fourth Amendment is to be applied retroactively to all convictions that were not yet final at the time the decision was rendered." *United States v. Johnson*, 457 U.S. 537, 562 (1982). Petitioner's conviction became final in 2007 when the Supreme Court denied his petition for a writ of certiorari in his direct criminal appeal. *Webb v. United States*, No. 06-9639, 549 U.S. 1313, 2007 WL 579736 (2007). *Gant* was decided in 2009 and *Jardines* in 2013. Accordingly, these decisions cannot be applied retroactively to Petitioner's case to establish that the searches of his vehicle and storage locker were unconstitutional and, therefore, these cases cannot establish his actual innocence. *Bess v. Walton*, 468 F. App'x 588, 589 (6th Cir. 2012).

Finally, Petitioner claims actual innocence based upon the existence of purported exculpatory evidence that was available at the time of his criminal proceedings. Because this claim is not premised on new evidence or on an intervening change in the law that establishes his actual innocence, Petitioner cannot bring it under § 2241. *See Clements v. United States*, No. 4:12cv0803, 2012 WL 5658001 (N.D. Ohio Oct. 30, 2012).

Federal habeas relief is reserved for those prisoners who committed an act that the law no longer considers criminal. *See Bousley*, 523 U.S. at 620 (quoting *Davis v. United States*, 417 U.S. 333, 346 (1974) ) (where substantive federal criminal statute no longer reaches certain conduct, prisoners should still have access to review conviction for "an act that the law does not make criminal."). For all the previously stated reasons, such is not the case at bar.

-9-

## IV. Conclusion

Accordingly, based on the foregoing, the Petition (Doc. No. 1) is denied pursuant to 28 U.S.C. § 2243. Moreover, Petitioner's motion to proceed *in forma pauperis* (Doc. No. 2) is granted. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.[3]


Dated: April 29, 2013              *s/        James S. Gwin*
                                    JAMES S. GWIN
                                    UNITED STATES DISTRICT JUDGE

---

[3] 28 U.S.C. § 1915(a)(3) provides, "An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."